**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00061-GPG

JERPRIEST HEARON,

     Plaintiff,

v.

ARAPAHOE COUNTY COURTS,
ARAPAHOE COUNTY SHERIFF DEPARTMENT,
DENVER COUNTY COURTS, and
DENVER COUNTY SHERIFF DEPARTMENT,

     Defendants.

---

ORDER TO AMEND

---

     Plaintiff, Jerpriest Hearon, a resident of Denver, Colorado, has filed *pro se* a

Complaint (ECF No. 1).  He has been granted leave to proceed *in forma pauperis*. (ECF

No. 4).

     The court must construe the Complaint liberally because Mr. Hearon is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

     Although not specified by the Plaintiff, he apparently seeks to assert liability

against Defendants pursuant to 42 U.S.C. § 1983 for alleged constitutional violations

that took place while he was detained in Arapahoe and Denver County.  To state a

claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He

must allege:  1) that the alleged misconduct was committed by a person acting under

color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).  For the reasons stated below, Mr. Hearon will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

### A.  Parties Sued

Plaintiff may not maintain § 1983 claims against the Denver and Arapahoe County Courts and Sheriff Departments. The Courts and Sheriff Departments are not entities separate from  the City and County of Denver and the County of Arapahoe, and therefore, they are not persons subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Moreover, a local government entity such as the City and County of Denver or the County of Arapahoe is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan*., 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a city and county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

If he wishes to bring his claims against the City and County of Denver and/or the County of Arapahoe, he must allege an official policy or custom that is responsible for the constitutional violation.  On the other hand, he may bring a § 1983 action against individual state actors who were acting under the color of state law when they violated his constitutional rights.  If he brings claims against individuals, he must demonstrate how each named Defendant personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant' s participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

### B.  Allegations

Mr. Hearon alleges that the County of Arapahoe did not provide him with timely adequate medical care for his leg.  He also alleges that the County of Arapahoe did not release him when his sentence was complete, but instead transferred him to Denver. According to Plaintiff, the County of Denver also did not provide him with timely adequate medical care for his leg and they refused to release him when they should, which further delayed him receiving proper medical care.  He seeks money damages.

Construing the Complaint liberally, Mr. Hearon's allegations attempt to state a claim for deliberate indifference to serious medical needs.  Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  Pre-trial detainees

are "entitled to the [same] degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

Plaintiff must meet both the objective and subjective components constituting the test for Eighth Amendment deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), overruled on other grounds by *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1246-47 (10th Cir. 2008). The subjective component is met if the plaintiff demonstrates that a defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)).

Mr. Hearon's allegations regarding his "leg pain" are vague and conclusory.  He never alleges what was wrong with his leg, how he or defendants knew something was wrong with his leg, and what medical treatment was needed to help his leg.  Further, Mr. Hearon's allegations fail to allege that the Defendants knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  Plaintiff simply alleges that Defendants knew his "leg was bad."

This vague and conclusory allegation fails to establish the subjective component of a constitutional violation for a delay in providing medical treatment.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Hearon will be ordered to file an amended complaint that complies with the directives in this order. The amended complaint should include specific factual allegations to support his Eighth Amendment claim and specify what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

Accordingly, it is

ORDERED that Mr. Hearon file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that, if Mr. Hearon fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 21, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge