IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00061-GPG

JERPRIEST HEARON,

    Plaintiff,

v.

ARAPAHOE COUNTY COURTS,
ARAPAHOE COUNTY SHERIFF DEPARTMENT,
DENVER COUNTY COURTS, and
DENVER COUNTY SHERIFF DEPARTMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Jerpriest Hearon, is a resident of Denver, Colorado. He initiated this action by filing *pro se* a Complaint (ECF No. 1) pursuant 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was an inmate in Arapahoe County and Denver County. He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

    On January 21, 2016, the court ordered Mr. Hearon to file an amended complaint. (ECF No. 5). Specifically, the court directed Mr. Hearon to file his complaint against proper parties, to include specific factual allegations to support his Eighth Amendment claim, and to specify what each Defendant did that allegedly violated his rights. (*Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

    On March 2, 2016, Mr. Hearon filed a document titled, "Amendment." (ECF No. 9).

The court must construe the "Amendment" liberally because Mr. Hearon is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr. Hearon will be directed to file a second amended complaint.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the "Amendment," which is construed as an Amended Complaint, is deficient for several reasons.  First, the "Amendment" submitted by Mr. Hearon is not on the court-approved complaint form.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."

Additionally, the "Amendment" is deficient because Mr. Hearon fails to identify the specific individuals he is suing.  Mr. Hearon must list each Defendant in the caption of the complaint and he must provide a complete address for each named Defendant so that each Defendant may be served properly.  Further, to the extent Mr. Hearon is attempting to bring claims against the City and County of Denver or the County of Arapahoe, he is reminded that a local government entity such as the City and County of Denver or the County of Arapahoe is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a city and county liable for his injuries under § 1983 must show that a

policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Also, if Mr. Hearon wishes to bring claims against individuals but does not know their real names, Mr. Hearon may use fictitious names, such as John and Jane Doe, but he must make clear how many John or Jane Doe defendants he is suing and he must provide sufficient information about each John or Jane Doe so that he or she can be identified for purposes of service.

By filing the "Amendment," it appears Mr. Hearon has made some effort to comply with the court's prior order.   Therefore, he will be given one final opportunity to file a second amended complaint as directed in this order as well as the Court's January 21, 2016 Order (ECF No. 5).

Accordingly, it is

ORDERED that Mr. Hearon file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order and the Court's January 21, 2016 Order (ECF No. 5).   It is

FURTHER ORDERED that Mr. Hearon shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Hearon fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 11, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge